## MARKIN *v.* WHITAKER.

[No. 3,214.   Filed Nov. 13, 1900.   Rehearing denied Feb. 1, 1901.]

LANDLORD AND TENANT.—*Lease.—Assignment.—Action by Assignee for Possession.*—The assignee of a lease cannot maintain an action for the possession of the leased premises after the expiration of the lease, where it is not shown that he had any interest which survived the tenancy.

From the Blackford Circuit Court. *Reversed.*

*J. Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellant.

*John A. Remy,* for appellee.

BLACK, J.—The appellee sued the appellant, the proceeding being commenced before a justice of the peace on the 6th of March, 1899. In the court below the appellee filed an amended complaint, a demurrer to which for want of sufficient facts was overruled. In the complaint it was alleged, in substance, that on the 1st of March, 1897, one Thomas Shull was in lawful possession of certain real estate described, in Blackford county, and lawfully leased the same to the appellant for the term of one year from that date; that by the terms of the lease it was agreed and provided that the tenancy should expire on the 28th of February, 1898; that the appellant should pay said Shull as rent therefor $30,—$15, on the 1st of November, 1897, and the remainder on the 1st of January, 1898; that the appellant should surrender possession of the premises at the end of said term, or at the expiration of the lease, to said Shull, without notice; that if the appellant should violate any of the terms of said agreement or should become in arrears with his said rent, or any payment thereof, his lease should be forfeited and said Shull should be entitled to the immediate possession without giving notice; that the appellant took possession of the premises under and by virtue of said agreement; that at the expiration of said lease the

appellant held over and continued to pay rent to apply on payment for another period of one year, and said Shull received the payment on the terms and conditions of the letting aforesaid, without any additional agreement other than as aforesaid; that on the 11th of February, 1899, for a valuable consideration, said Shull, the lessor, assigned and transferred to the appellee all said Shull's right, title, interest, and claim in and to said lease, with all the right to the balance of rent unpaid; that by the terms of said lease appellant's tenancy expired on the 28th of February, 1899; that he neglected and refused to pay said rent, and there was due and unpaid for rent of said premises $30; that appellant's right to possession of the real estate expired on the 28th of February, 1899; that he unlawfully held possession and detained the appellee therefrom; that the appellee had been damaged in the sum of $50; "wherefore plaintiff demands judgment for the possession of said real estate, for $50 damages, and all other proper relief."

The interest of Shull, the lessor, in the real estate is not stated, it being merely alleged that he was in lawful possession and that he lawfully leased it to the appellant for one year. It is not shown that the lessor conveyed any interest in the land to the appellee which would survive the tenancy of the appellant. It is said that he assigned and transferred his right, title, interest, and claim in the lease, with his right to the balance of rent unpaid. Whether at the time of this assignment the appellant was a tenant for a fixed and definite term ending on the 28th of February, 1899, or was a tenant from year to year and therefore for an indefinite period, if the appellee had no interest in the real estate after the expiration of the appellant's tenancy, but only held the interest of the lessor not in the reversion but in the lease and the right to rent unpaid at the time of the assignment, as expressed in the complaint, the appellee could have no interest in enforcing the surrender of the premises by the appellant. While therefore the complaint does not show a right

in the appellee to recover the possession of the premises, she having no reversionary interest, we think it sufficiently shows a cause of action for the recovery of the rent alleged to be due and unpaid.

There was an answer in denial, and the cause was tried without a jury, the finding being that the appellee was entitled to the possession of the premises and damages in the sum of $23.50. The appellant's motion for a new trial was overruled, and judgment was rendered in accordance with the finding. The evidence showed that the appellant had paid the rent for two years' occupancy except the amount awarded by the court as damages; but there was no evidence showing who was the owner of the reversion or that the appellee had any interest other than as the lessor's assignee of the lease and the unpaid rent. The finding that the appellee was entitled to the possession of the real estate was not supported by sufficient evidence, and was contrary to law.

The judgment is reversed, and the cause is remanded for a new trial.