WARREN SPRINGER

*v.*

THE CHICAGO REAL ESTATE LOAN AND TRUST COMPANY.

*Opinion filed February 18, 1903—Rehearing denied April 10, 1903.*

1. CORPORATIONS—*right of corporation to accept conveyance can only be questioned by the State.* Whether a corporation having power to own and hold real estate for some purposes has exceeded its powers in accepting a certain conveyance is a question which can be raised only in a proceeding instituted in behalf of the State.

2. LEASES—*the lessor may impose conditions on assignment consistent with lease.* A lessor may refuse his consent to an assignment of a lease except upon condition that the lessee shall remain liable and that the assignment shall be subject to every provision of the lease, where the lease provides that it shall not be assigned without the lessor's written consent, and that the "duties, conditions and covenants" in the lease shall extend to and bind assignees.

3. SAME—*when liability of assignee is not terminated by a subsequent assignment.* The liability of an assignee of a ground lease is not terminated by his subsequent assignment of the lease without the lessor's consent, where the lessor's written consent to the first assignment expressly provides that no further assignment of the lease shall be made without the lessor's consent, in writing.

4. SAME—*when assignee of lease is as fully liable as the lessee.* An assignee of a ground lease who accepts the assignment under the lessor's written consent, which specifies that the assignment is subject to every covenant, condition and provision of the lease, is

202—2

bound, as fully as the lessee, to perform the conditions and covenants of the lease so long as he remains the assignee.

5. SAME—*conditions of lessor's written consent to assignment have same force as though in lease.* Prohibitions against further assignment of a lease, contained in the lessor's written consent to the first assignment, have the same legal effect as though they were incorporated in the lease.

6. SAME—*lessor is not bound to forfeit lease for breach of a covenant.* A lessor having power, under the lease, to declare it forfeited for breach of covenant, is not bound to declare a forfeiture for breach of a covenant against assignment without his consent or else consent to the assignment, but may enforce the covenant by any remedy the law affords for that purpose.

7. SAME—*statutory rights of grantee of demised lands.* The grantee of any demised lands, or the assignee of the lessor, may, under section 14 of the Landlord and Tenant act, employ all legal remedies for the non-performance of any agreements in the lease which the grantor or lessor might have employed.

8. APPEALS AND ERRORS—*when objection is not available on appeal.* An objection that the court, in the absence of defendant's counsel, permitted complainant to amend the bill after all the testimony was in and the cause submitted, is not available on appeal, where the assignment of errors does not include the objection and the record as presented does not bear it out.

9. SAME—*when chancellor's finding must be accepted as correct.* The chancellor's finding as to the value of premises, based upon the opinions of witnesses expressed in open court, must be accepted as correct on appeal, if within the range of the evidence and not clearly against its weight.

*Springer* v. *Chicago Real Estate, etc. Co.* 102 Ill. App. 294, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

W. N. GEMMILL, for appellant:

Complainant, being a corporation, cannot maintain this suit.    *Bank* v. *Tennessee,* 161 U. S. 186.

The general provision in a lease reciting that all its terms, conditions and covenants shall be binding upon the heirs, executors, administrators and assigns of the parties to it does not establish a privity of contract be-

tween the lessor and an assignee of the lessee. *Readey* v. *Brewing Co.* 60 Ill. App. 501.

The word "subject" is a word of limitation, and not of contract. *Peers* v. *Coal Co.* 166 Ill. 370; *Crawford* v. *Nimmons*, 180 id. 143.

An assignee of the lease, by assigning over, can rid himself of the liability thereunder for future accruing rent. 2 Platt on Leases, 416, 418; Taylor on Landlord and Tenant, secs. 452, 453; *Sexton* v. *Storage Co.* 129 Ill. 327; *Readey* v. *Brewing Co.* 60 Ill. App. 501; *Congregational Society* v. *Rix*, 17 Atl. Rep. 719; *Onslow* v. *Corrie*, 2 Mad. 330; *Leckeux* v. *Nash*, 2 Strange, 1221.

Covenants not to assign a lease are looked upon with disfavor and are strictly construed. Taylor on Landlord and Tenant, sec. 403; 2 Platt on Leases, 250.

A covenant in a lease not to assign without the written consent of the lessor is exhausted by one consent. Taylor on Landlord and Tenant, secs. 286, 410, 452; Wood on Landlord and Tenant, sec. 343; *Pennock* v. *Lyons*, 118 Mass. 92; *Dumpor's case*, 1 Smith's L. C. 120; 1 Woodfall on Landlord and Tenant, sec. 422; Platt on Covenants, sec. 425; *Siefke* v. *Koch*, 31 How. Pr. 383; *Dakin* v. *Williams*, 11 Wend. 67; 2 Platt on Leases, 275.

An assignment of a lease without the consent of the lessor is voidable only, and not void, and is good as against the lessor and his assigns until he or they declare a forfeiture by reason of the assignment. 1 Washburn on Real Prop. sec. 317; *Sexton* v. *Storage Co.* 129 Ill. 333; *Webster* v. *Nichols*, 104 id. 171; *Willoughby* v. *Lawrence*, 116 id. 11.

The lessor and his assigns have not declared a forfeiture of the term because of the breach of the covenant not to assign, but with full knowledge of the assignment they now insist that the term is still running. They have therefore waived the right to question the assignment and are bound by it. Wood on Landlord and Tenant, secs. 320, 226; *Randall* v. *Tatum*, 33 Pac. Rep. 435; *Kew*

*v. Trainor*, 150 Ill. 150; Taylor on Landlord and Tenant, secs. 501, 497, 483, 458; 2 Platt on Leases, 250.

WILLIAM J. AMMEN, for appellee:

A deed to a corporation passes the title if the corporation has power to take and hold real estate for any purpose, and the question whether it has exceeded its powers in accepting the conveyance can be raised only by the State. *Cooney* v. *Booth Packing Co.* 169 Ill. 370.

A contract signed by only one of the parties is mutual, if the other party, upon its delivery to him, assents to its terms and holds and acts upon it as a valid agreement. *Sellers* v. *Green,* 172 Ill. 549; *Vogel* v. *Pekoc,* 157 id. 339; *Johnson* v. *Dodge,* 17 id. 433.

The authorities holding that a condition or provision against assignment of a lease is gone forever if once waived have no application in the case at bar, because this consent to assignment expressly provided that no further assignment shall be made without further written consent. *Kew* v. *Trainor,* 150 Ill. 150; 50 Ill. App. 629.

Questions as to the credibility of witnesses testifying in open court, and as to the weight to be given to their testimony, are peculiarly within the province of the jury or of the chancellor, and findings of fact will not be disturbed on such grounds unless very clearly erroneous. *Railroad Co.* v. *Harmes,* 52 Ill. App. 649; *Fuller* v. *Burke,* 60 id. 600; *Noyes* v. *Heffernan,* 153 Ill. 339; *Allen* v. *Hickey,* 158 id. 362; *Brown* v. *Stewart,* 159 id. 212; *Williams* v. *Electric Co.* 160 id. 526.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by the appellee company in the superior court of Cook county for a decree establishing the value of lots 1, 2, 17 and 18, in block 62, school section addition to Chicago, (exclusive of the buildings and improvements,) on the first day of May, 1899, in pursuance of the provisions of a lease executed

by George F. Harding to one Owen McCabe on the 30th day of January, 1888, whereby said Harding leased said lots to said McCabe for thirty years, beginning on the first day of May, 1889. The lease provides that the rent during the period of the lease shall be $161.67 per month for the first five years, and during the balance of the term of thirty years it shall be four per cent per annum on the appraised valuation of the land, said appraisement to be made for periods of five years and without reference to the buildings and improvements on the property, but the appraised value shall never be less than $42,500 and the monthly rental shall never be less than $141.67. In April, 1888, an agreement between Harding and McCabe was made and endorsed on the lease that there should be no re-valuation at the end of the first five years' period, but that the rate of interest on the valuation after that time should be five per cent instead of four per cent, as provided by the lease. The lease also provided as follows: "It is further agreed that sixty days prior to the end of each of said periods of five years, unless the parties hereto or their representatives can then agree upon the valuation to be made upon said lands for the next-period of five years for the purpose of determining the amount of the rental, such valuation shall be determined by appraisers, to be appointed and selected in the same manner as heretofore designated for appraising the value of said buildings and improvements. If the parties hereto or their representatives cannot agree upon their value, [meaning the value of the buildings,] they shall be appraised at their then value to the then owner of said lands, such value to be appraised by three disinterested appraisers, one to be appointed by each of the parties hereto, or their representatives, the third party to be selected by the two appointed."

The bill alleged said George F. Harding had conveyed his interest in the leased premises to George F. Harding, Jr., and that said Harding, Jr., had conveyed the

premises to the appellee company, and that the lessee, McCabe, on the 24th day of June, 1889, with the written assent of Harding, Sr., assigned the lease to the appellant. The assent of Harding to the assignment by McCabe to the appellant was as follows:

"I, the undersigned, George F. Harding, covenant that Owen McCabe may assign to Warren Springer a certain lease made between me and said McCabe, bearing date January 30, 1888, for lots Nos. 1 and 2, block 61, and lots 17 and 18, block 62, of school section addition to Chicago, and in the event of said assignment being made, I agree to look to the said Warren Springer for payment of all rents reserved by said lease accruing after this; but the said assignment shall not operate to release the said McCabe from any liability whatever under said lease, and the said assignment to said Springer is to be subject wholly to each and every of the covenants, conditions and provisions of said lease; and provided further, that no further assignment of said lease shall be made without my written consent.                GEORGE F. HARDING."

The bill alleged the appellee company and said Harding had repeatedly demanded that the appellant, and the said Owen McCabe, the lessee, should enter into an arbitration to fix the valuation of the premises for the rental period beginning May 1, 1899, and that the appellant had refused so to do. The prayer of the bill was that the valuation of the leased premises, for the purpose of determining the rental to be paid for the period of five years beginning May 1, 1899, by the lessee, should be fixed and determined by decree of the court to be entered in the cause. Answer to the bill was filed and replication to the answer, and the cause went to a hearing and to decree. The court fixed the value of the leased premises (exclusive of the buildings and improvements) at $57,375, being at the rate of $225 per front foot, and established the rent to be paid by said appellant, under said lease, at $2870 per annum, to be paid in monthly installments after the first day of May, 1899. The Appellate Court, on an appeal prosecuted by the appellant,

Springer, affirmed the decree, and this is a further appeal in the same behalf to this court.

The appellee corporation has power to own and hold real estate for some purposes, and whether it exceeded its powers in accepting the conveyance to the premises described in the lease, can only be brought into question by a proceeding instituted in behalf of the State. *Rector* v. *Hartford Deposit Co.* 190 Ill. 380.

It appeared from the proofs that McCabe entered into possession of the leased premises under the lease, held possession as lessee until June 24, 1889, and on that day assigned the lease to the appellant, who at once entered into possession of the premises under the assignment of the lease to him. The lease contained a stipulation that it should not be assigned without the written consent of the "party of the first part," (the lessor to the lease,) and that all the "rights, duties, conditions and covenants" of the lease should extend to and be binding on "any assignee of the lessee." The assignment of the lease by McCabe to the appellant not only required the appellant to assume all of the obligations and covenants of Mc-Cabe, but contains a clause to the effect that McCabe shall be released from "all responsibility and liability" for non-performance of the covenants of the lease by the appellant. When this assignment was executed the assent of Harding to the assignment had not been obtained. Harding did, however, assent, in writing, to the release, but expressly conditioned his assent to the effect that while he would agree to look to Springer (the appellant) for the payment of all rents reserved by the lease to be paid after the assignment, the assignment and assent should not operate to release McCabe from liability, and the written assent further expressly provided that the assignment was "to be subject wholly to each and every of the covenants, conditions and provisions of said lease," and provided further "that no further assignment of said lease shall be made without" the written consent of said

Harding.   Harding had full right to refuse his consent to the assignment except upon the conditions expressly set forth in the written assent.   (18 Am. & Eng. Ency. of Law,—2d ed.—663.)  The appellant accepted the assignment as so assented to by Harding, and entered into possession of the leased premises under such assignment and written assent thereto.

It is insisted by counsel for the appellant that the liability of an assignee of a ground lease to pay the rent is solely in virtue of the privity of estate between such assignee and the lessor, and that the appellant had, before the institution of the suit, assigned the lease to one Harris, and thereby terminated the privity of estate and released himself of all liability to pay rent or keep or perform the other covenants of the lease.   The alleged assignment to Harris was not assented to or in any way ratified by the lessor or his grantees or assigns.   The chancellor found the assignment by appellant to said Harris was merely colorable or fictitious, and an investigation of the proof on the point has disclosed that the finding was well justified.  "It is a well settled rule that by virtue of the privity of estate between the assignee of a leasehold and the lessor such assignee becomes personally liable to the lessor, while he holds the estate as assignee, for the performance of the lessee's covenants which run with the leasehold estate."  (18 Am. & Eng. Ency. of Law,—2d ed.—668.)   Aside from that, the appellant was not a mere naked assignee of the ground lease.   He accepted the assignment on the terms and conditions set forth in the written assent of the lessor, Harding, and thereby became primarily liable to pay the rents to the lessor.   The subsequent assignment to Harris, even if not merely colorable, could not avail to destroy the contractual liability of the appellant to pay the rents.  By accepting the assignment of the lease, and the written assent of Harding, in virtue whereof the assignment became effective, and entering into possession

of the premises thereunder, it must be held the appellant held possession as assignee under the terms and conditions of such assignment and written assent, and that he thereby assumed the position of McCabe, the original lessee, so long as he so remained assignee of the lease, and became obligated to perform the covenants and conditions of the lease in as full and complete a manner as the original lessee, McCabe. *Kew* v. *Trainor*, 150 Ill. 150.

The alleged assignment to Harris was without the assent of the lessor. The lease contained a provision prohibiting the assignment without the written consent of the lessor, but it is urged the condition was wholly discharged by the leave given McCabe to assign the lease to the appellant; that the covenant against assignment without written consent became exhausted by one consent to assign. A covenant in a lease not to assign may become binding on an assignee if it specifically prohibits assignment by the assignee of the lease. (18 Am. & Eng. Ency. of Law,—2d ed.—662.) The lease provided that neither the lessee nor "his legal representatives" should assign the lease without the written assent of the lessor. Conceding that conditions restricting assignments of leases are to be strictly construed, and that the words "legal representatives" are to be given their primary meaning of "executors or administrators," still, as we have before seen, it was competent for the lessor, Harding, to attach, as a condition to his consent to the assignment by McCabe to Springer, a restriction against further assignments, and that said lessor did incorporate in the written assent a clause expressly providing that no further assignment of the lease should be made without the written assent of the lessor. This prohibition in the written assent had like legal effect as would have been given it had it been incorporated in the covenants in the lease. The assent declared that the assignment should be subject to each and every covenant, condition and provision of the lease, and expressly provided that

no further assignment "of the said lease shall be made without written consent," and the law has no arbitrary rule that under an assent so conditioned the assignee who has accepted such assent and enters into possession thereunder is discharged from the condition of the lease and the assent and may assign the lease at will. *Kew* v. *Trainor, supra.*

The lease contains a clause empowering the lessor, in case of default in any of the covenants of the lease, to declare the lease forfeited and re-enter and take possession of the leased premises, but there is no force in the contention of the appellant that the lessor must either consent to and ratify the alleged assignment to Harris in violation of the covenants of the lease, or exercise the power to declare a forfeiture. The lessor was not bound to exercise the option to declare a forfeiture, but has full right to enforce the covenants of the lease by any remedy the law may afford for that purpose. Moreover, the chancellor was, as we have before declared, fully justified in proceeding to decree in the view that the alleged assignment to Harris was but colorable and fictitious, and in view of that fact it cannot be considered that as to the appellee the lease has been assigned at all by the appellant.

It may be sufficient to remark, in answer to what counsel for the appellant says with reference to the right of the appellee company to enforce the conditions of the lease, that section 14 of chapter 80, entitled "Landlords," (2 Starr & Cur. Stat. 1896, p. 2513,) invests grantees of any demised lands, or the assignee of the lessor of any demise, with the right to employ all legal remedies, by action, entry or otherwise, for the non-performance of any agreements in the lease or for the recovery of rent, etc., as the grantor of such grantee or the lessee might have done had the reversion remained in such grantor or lessor.

We have carefully consulted the testimony of the witnesses as to the value of the premises. The witnesses

for the appellant were not greater in number than those produced by the appellee, and we perceive no reason for declaring them more credible.  Each witness stated his opinion as to the value of the premises.  The value of that opinion depended very greatly upon the intelligence, the experience in real estate transactions, his knowledge of real estate values and the sound discrimination and judgment possessed by the witness.  The chancellor saw the witnesses and heard them testify, and therefore had superior facilities to that possessed by this court for determining the weight and value of the testimony given by the respective witnesses.  The value of the premises as estimated by the witnesses produced in behalf of the appellee ranged from $300 to $400 per front foot, and in the opinions of the witnesses produced for the appellant the value per front foot was from $100 to $150.  The chancellor fixed the value at $225 per front foot.  We are unable to demonstrate that the conclusion so reached is not justified by the proof, and hence, under the rule often repeated, must accept the finding as correct.

The complaint the court improperly and in the absence of counsel for the appellant permitted an amendment to be made to the bill after all the testimony had been heard and the cause submitted to the court cannot avail to reverse the decree, for more than one reason. The assignments of error do not include this complaint. It does not appear from the record that the leave to amend was granted in the absence of counsel for the appellant, or was given or the amendment made without notice to the appellant or his counsel.

The judgment of the Appellate Court must be and is affirmed.                               *Judgment affirmed.*