John W. Barr, Jr., Trustee, Defendant in Error, v. The Florentine Alabaster Company, Plaintiff in Error.

### Gen. No. 17,181.

1. Appeals and errors—*when identity of person will be presumed.* Where a lessor signed a lease with one name and assigned it, using another name, if there is no certificate by the trial court that the statement of facts, under the practice in the Municipal Court of Chicago, contains all the evidence heard by him, the Apellate Court will presume that evidence was presented establishing the identity of person of the assignor.

2. APPEALS AND ERRORS—*failure to argue is waiver of point.* Where nothing is said by a lessee in its brief and argument touching an alleged failure of elevator service, the point will be deemed waived.

3. COSTS—*requisites of motion for bond.* A motion for plaintiff to file a cost bond upon the ground of nonresidence must be based upon something appearing before the court, by affidavit or otherwise, from which the trial court can determine the fact as to the residence of the plaintiff.

4. LANDLORD AND TENANT—*assignee of lessor may sue in own name.* The act relating to landlord and tenant, section 14, authorizes an assignee of a lessor to sue for rent in his own name.

5. LANDLORD AND TENANT—*provisions for heating and use of premises construed together.* The provisions of a lease that a lessor agrees "to furnish steam heat when and where necessary" and that the premises are "to be occupied for an office and salesroom and for no other purpose whatever," are to be construed together, and in an action for rent it is no defense by a lessee engaged in manufacturing statuary that because of a failure to supply sufficient heat to dry the statuary it was compelled to furnish its own heat.

Error to the Municipal Court of Chicago; the HON. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

MORTON G. SMITH, for plaintiff in error.

VAIL & VETTE, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a writ of error sued out to review the action of the Municipal Court in denying the motion of the Florentine Alabaster Co., plaintiff in error, to vacate a judgment entered by confession on a certain lease for the rent of the premises therein described. The lease was between Mary J. Ferguson and Jennie M. Grainger, as lessors, and plaintiff in error, as lessee. Through inadvertence Jennie M. Grainger signed the lease as Jennie M. Cook, which was her name before she was married. Subsequently the lessors deeded the premises and assigned the lease to John W. Barr, Jr., Trustee, defendant in error here.

The assignment to Barr is questioned upon the ground that the lease was from Jennie M. Cook, while the assignment to him runs from Jennie M. Grainger. There being no certificate by the trial court that the statement of facts contains all the evidence heard by him, this court will presume that evidence was presented upon the hearing that Jennie M. Cook and Jennie M. Grainger were one and the same person. That this is a fact does not appear to be disputed.

The point that the assignee had no right to sue in his own name is answered by reference to Section 14, Chapter 80, Landlord and Tenant, Hurd's Illinois Statutes; also see Barnes v. Northern Trust Co., 169 Ill. 112.

The defendant below filed two affidavits in support of its motion to vacate the judgment, wherein it was claimed that the defendant had suffered damages by reason of the failure of the landlord to furnish steam heat and proper elevator service.

Nothing is said by plaintiff in error in its brief and argument touching the alleged failure of elevator service.

The provision in the lease concerning steam heat is: "Said first parties agree to furnish steam heat when and where necessary;" and it is alleged in the affidavit that the lessee was engaged in the business of manufacturing statuary, and that it was necessary to dry the statuary with heat, and that because of the failure of the landlord to furnish sufficient heat for drying purposes the tenant was compelled to buy stoves and coal and furnish its own heat.

By the terms of the lease the premises were "to be occupied for an office and sales room and for no other purpose whatever." It follows, therefore, that the obligation to furnish steam heat "when and where necessary" must be construed with reference to the purpose for which the premises were to be used under the lease; that is, that the landlord was obliged to furnish steam heat only for an office and sales room, and not for the

purpose of supplying a drying kiln for the statuary in process of manufacture.

The assertion is made that plaintiff was a nonresident, and that therefore the court should have granted the motion made by the defendant for the plaintiff to file a cost bond. We find nothing in the record to support the assertion that plaintiff was a nonresident. A motion for plaintiff to file a cost bond upon the ground of nonresidence must be based upon something appearing before the court, by affidavit or otherwise, from which the trial court can determine the fact as to residence of the plaintiff.

We find no abuse of discretion in the action of the trial court in denying the motion to vacate the judgment, and therefore it will be affirmed.

*Affirmed.*