(No. 11777.—Decree affirmed.)

JOHN ELLSWORTH KING, Appellant, *vs.* HOMER LEE *et al.* Appellees.

*Opinion filed February 20, 1918.*

RELIGIOUS SOCIETIES—*when provision in deed to church society will not cause reversion to heirs of grantor.* Where the only restriction following the granting clause in a deed to a church society is that the trustees shall not sell or dispose of the land without the written consent of the grantor or his heirs, the property will not revert to the heirs of the grantor when the church building is removed to another site, notwithstanding the express purpose of the conveyance was to provide the society with a place for religious worship.

APPEAL from the Circuit Court of Ogle county; the Hon. JAMES S. BAUME, Judge, presiding.

B. JAY KNIGHT, KARL J. MOHR, and JOSEPH SEARS, (A. D. EARLY, of counsel,) for appellant.

GARDNER & GARDNER, and W. J. EMERSON, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellant filed his bill in chancery in the circuit court of Ogle county as one of the heirs-at-law of William H. King, deceased, against Homer Lee and others, appellees, asking that the title to a parcel of ground situated in the town of White Rock, in said county, and which had been conveyed in 1887 by said King to the trustees of the Methodist Episcopal Church in King's station, known as Bethel Church, and their successors in office, be divested from the said trustees and be re-vested in the heirs-at-law of King, and that the said trustees be restrained from removing buildings from said tract. It was alleged in the bill, among other things, that the trustees of Bethel Church were to continue to hold title only so long as said property was used for the sole purpose of religious worship, pursuant to the deed of

conveyance; that there was erected on said tract of land a
building used as a church and one other building used as a
parsonage; that both of said buildings were used in their
respective capacities for several years prior to November 12,
1915; that on that date the trustees of Bethel Church voted
to abandon the location deeded them by King and to dis-
continue religious worship; that the said site was abandoned
and the building used as a church removed therefrom and
placed on a permanent foundation for another church so-
ciety, which society was entirely separate and distinct from
the society known as Bethel Church, and that the trustees
of Bethel Church have no successors in trust.  Appellees
answered, admitting that at a meeting of the trustees of
said church it was decided to remove the church building
from the parcel of land in controversy to Flagg Center, in
said county, and that subsequently the church was moved
out of White Rock township to Flagg Center; denies the
complainant's right to a reversion of title; avers the right
of said society to remove all the buildings and improvements
from said tract, and avers that the so-called Bethel Church
is still in existence and continuing a place of worship under
that name at Flagg Center.  The cause was heard before
the court and a decree entered dismissing the bill for want
of equity, and an appeal was perfected to this court.

It is assigned as error that the decree of the lower
court is contrary to the law and evidence.  The principal
question arises on the construction of the deed from Wil-
liam H. King.  This deed was executed and acknowledged
March 18, 1887, and is from William H. King, of White
Rock, county of Ogle, State of Illinois, to the trustees of
the Methodist Episcopal Church (known as Bethel Church)
and their successors in office forever, and recites that in
consideration of $200 the grantor bargains and sells a par-
cel of land situated in White Rock, beginning at the south-
east corner of the southwest quarter of section 22, town-
ship 41, range 1, east of the third principal meridian;

thence north 183 feet; thence west 200 feet; thence south 183 feet; thence east 200 feet to the place of beginning. Following the granting clause in the deed is the following: "The above conveyance is for the purpose of a site for religious worship to the above named society, and they, the said society, are to own and control all buildings now erected or hereafter to be erected and all improvements on the said lot, and the said society shall furthermore have the right and privilege to remove all said buildings and improvements. But nothing herein contained shall give the said trustees the power to sell or dispose of the said lot without the written consent of the said party of the first part or their heirs and assigns." It appears from the evidence that shortly after the deed was made the trustees removed a church building from a point about a mile east of the lot in question onto the lot so deeded, and also erected thereon a house which was thereafter used as a parsonage. At first the church had an attendance of about forty. The membership decreased in later years but services were held regularly at the church until November, 1915. There was a class of the Methodist church at Flagg Center, about six miles south of Kings. There was also a church at Paynes Point. These two, with the congregation at Kings, under the usages of the Methodist church had been combined and constituted the Flagg Center circuit. The minister who was assigned to that circuit lived at the parsonage on the property in controversy and acted as minister for the three organizations. In October, 1915, the trustees of Bethel Church voted to invite the Flagg Center class, who were without a church building, to unite with the Bethel class or church, and, if such invitation was accepted and confirmed at the quarterly conference of the church, to remove the church building to a more central location for the combined classes. The Flagg Center class accepted this invitation and the action of the two congregations or classes was ratified at the quarterly conference, at which time a motion was car-

ried that the trustees of both classes be the trustees of the combined classes until the election at the following quarterly meeting, and the church building was removed.  The church society or organization known as Bethel Church, at the present time composed of the original society of that name with the members of the Flagg Center class added thereto, is still in existence under the same name and the trustees of Bethel Church are still acting as such.  The parsonage on the property in question is the only parsonage in that circuit, and the minister assigned to that circuit has always resided there and still continues to reside there.

It is the contention of appellant that there has been an abandonment of the property in question and that the title to the property should revert from the former trustees of Bethel Church to the heirs of William H. King.  It is the contention of appellees that the deed in question conveyed to the trustees of the Methodist Episcopal Church (known as Bethel Church) the absolute title to the land in question, and that it is wholly immaterial whether the land was ever used by the church as a site for religious worship, or, having been so used, was abandoned by the church for that purpose.

Appellant relies on the cases of *Mott* v. *Danville Seminary,* 129 Ill. 403, and *Miller* v. *Riddle, 227* id. 53.  In the first case it was held that the title of a corporation to property owned by it ceases to exist when the corporation ceases to exist, and hence it was held at common law that upon the dissolution or civil death of a corporation all its real estate remaining unsold reverted back to the original grantor or his heirs, except as the rule has been modified in modern times in respect to corporations organized for pecuniary profit.  In *Miller* v. *Riddle, supra,* we held that where a religious society which was in existence and exercising its functions at the death of the testatrix is made the beneficiary of a trust fund, but subsequently, for a period of fifteen years, has had no pastor and has held no meetings or re-

ligious services of any sort but has allowed its church building to decay, the society must be regarded as dissolved and the trust fund reverts to the heirs of the testatrix. Neither of these cases, however, can be held to apply under the facts of the present case, as shown by the evidence, as it affirmatively appears that the church society is still in existence under the same name and has trustees who are the successors in trust of the original trustees to whom the lot was conveyed as grantees, the deed being to said trustees and their successors in trust.

In *Walker* v. *Illinois Central Railroad Co.* 215 Ill. 610, we held that the general rule is that words following the granting clause of the deed, which states the use to which the property granted is to be put, are not restrictions upon its use unless it is specifically so stated in the deed.

In *Downen.* v. *Rayburn,* 214 Ill. 342, a deed of real estate was made by the owner thereof to the trustees of Industry Congregation of the Cumberland Presbyterian Church, "to be used as a church location." The trustees of said church erected a church building on the land, which remained there for several years, but the Industry Congregation was finally dissolved and the trustees of Rushville Presbytery were its successors in office, and they, by authority of the laws and usages of the church, conveyed the property to one Rayburn. One of the heirs of the original grantor brought an action of ejectment, contending that the words "to be used as a church location," following the granting clause in the deed, operated as a condition or restriction regulating the use of the premises for the purpose of a church location, and when the church building was removed the title reverted to the heirs of the original grantor. In the opinion in that case the court said (p. 345) : "The title vested in the trustees as the grantees in the deed, and if the words in question operated as a restriction upon the use of the premises they would have the effect of rendering the estate already vested liable to be defeated. But we are

of the opinion that the words in controversy do not consti-
tute a condition subsequent within the strict meaning of that
term. It is well settled that where real property is conveyed
in fee restrictions in the use are not favored, although courts
will ,enforce such restrictions where the intention of the
parties is clear in the creation of restrictions or limitations
upon the use of a grantee. It is also well settled that 'in
the construction of deeds containing restrictions and prohi-
bitions as to the use of property by a grantee, all doubts
should, as a general rule, be resolved in favor of a free
use of property and against restrictions.' (*Hutchinson* v.
*Ulrich,* 145 Ill. 336; *Ewertsen* v. *Gerstenberg,* 186 id. 344;
*Hays* v. *St. Paul M. E. Church,* 196 id. 633.) It will be
noticed that the words in question, 'to be used as a church
location,' stand alone, and that the words 'upon condition'
are not used in connection therewith. That is to say, it
is not stated in the deed that the premises are conveyed upon
condition that they are to be used as a church location. Nor
is there any provision in the deed for re-entry by the grantor
in case of a breach of the covenant, if it be a covenant,
that the premises are to be used as a church location. (*Kew*
v. *Trainor,* 150 Ill. 150; *Star Brewery Co.* v. *Primas,* 163
id. 652; *Gallaher* v. *Herbert,* 117 id. 160.) In *Gallaher* v.
*Herbert, supra,* we said (p. 169) : 'In the construction of
deeds courts will always incline to interpret the language
as a covenant rather than as a condition. (*Board of Edu-
cation* v. *Trustees,* 63 Ill. 204.) There is nothing in the
form of the language here employed to indicate that it was
intended the conveyance was upon a condition subsequent.
The words 'upon condition' do not occur, and there are no
other words of equivalent meaning. There is no clause
providing that the grantor shall re-enter in any event, and
these are the usual indications of an intent to create a con-
dition subsequent.' "

In *Bald* v. *Nuernberger,* 267 Ill. 616, a deed to the trus-
tees of the Dutch Hill Methodist Episcopal Church con-

tained the following provision: "The above described land being deeded in trust that said premises shall be used, kept, maintained and disposed of as a place of divine worship for the use of the ministry and membership of the Methodist Episcopal Church in the United States of America, subject to the discipline and ministerial appointment of said church as from time to time authorized and declared by the general conference of said church and the annual conference in whose bounds the said premises are situate." We held that such provision in the deed in question must be considered a covenant and not a condition subsequent. It was further held in the opinion in that case that while it is frequently difficult to determine whether a certain provision in a deed annexed to a grant of real property constitutes a condition, covenant, restriction, limitation or trust imposed on the property, if from the language it is doubtful whether the clause is a condition or covenant it will be considered to be a covenant, citing *Koch* v. *Streuter,* 232 Ill. 594.

Applying the reasoning in the foregoing authorities to the facts in the case at bar and the language of the deed, it is not provided in the deed of conveyance that it is made on condition that the property be held and used for church purposes or for church purposes only, or so long as it shall be used for church purposes, or so long as a church building shall remain thereon, and there is no clause providing that the property shall revert to the grantor or his heirs in any event. The church society is still in existence. It was expressly given the right to control all buildings erected or to be erected and all improvements on said lot, and it had and has the right and privilege to remove all said buildings and improvements, and all that the society has done is to remove the church building. The provision "that nothing herein contained shall give the said trustees the power to sell or dispose of the said lot without the written consent of the said party of the first part or their heirs and assigns," even if valid and binding,—which we do not hold,—taking the

language thereof literally, would not operate to deprive the trustees of the church society of their title to the property or their right to occupy and use the same, so long as they did not attempt to sell it. The provisions as to removing buildings and not selling without the grantor's consent are compatible with a restriction or condition as to the use of the property. But even if such was the grantor's intent, he utterly failed to have such restriction or condition inserted in the deed, and we cannot supply the words necessary to effect such supposed intent. The trustees would still hold the title to the property for the church society, and could use it, remove the buildings, as provided in the deed, and exercise all other acts of ownership. Because of said provision, alone, it would not necessarily revert to the heirs of the grantor.

We perceive no reason to disturb the decree of the circuit court, and it will be affirmed.        *Decree affirmed.*

---

(No. 11629.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellant, *vs.* THE AMERICAN TILE AND GRAVEL ROOFING COMPANY, Appellee.

*Opinion filed February 20, 1918.*