**M. B. Okun, Appellee, v. Charles Rotstein, Appellant.**

**Gen. No. 32,330.**

Opinion filed March 26, 1928.

ALEX C. LAWRENCE and L. L. SMITH, for appellant.

HERMAN WALDMAN and PAUL J. DONOVAN, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal from a judgment entered in favor of the plaintiff upon an instructed verdict at the close of all the evidence in an action for forcible entry and detainer.

The evidence tends to show without dispute that the defendant was in possession under a lease executed on December 6, 1926, by the Chicago Rapid Transit Company, demising the premises for a term which would expire on December 31, 1928. On June 15, 1927, the lease was assigned to the plaintiff by the lessor, the assignment transferring all interest in the indenture. The lease by its terms provided that it could be terminated by the lessor at any time before its expiration by giving the lessee five days' notice in writing. It further provided that it was made subject to the approval of the Illinois Commerce Commission and subject to the right of that commission to terminate the same at any time when in the opinion of the commission the public interest and convenience required it.

On June 18, 1927, plaintiff as assignee gave notice that the lease would be terminated as of June 30, 1927, and requested the defendant to vacate and deliver up possession to the plaintiff. Defendant refused to do this and remained in possession, paying the rent for the month of June and tendering the rent for July, which plaintiff refused to accept because of the demand for possession.

The defendant first urges that plaintiff cannot recover because he neither set up nor offered evidence tending to prove such facts in connection with the assignment of the lease as would show compliance with section 18 of the Practice Act. (See Cahill's St. ch. 110, ¶ 18; chapter 110, section 18, Smith-Hurd's Ill. Rev. St. 1927.) Numerous cases construing that section of the statute are cited. They are not in point since section 14 of chapter 80, Cahill's St. ch. 80, ¶ 14, is controlling. *Springer v. Chicago Real Estate Loan & Trust Co.*, 202 Ill. 17; *Barr v. Florentine Alabaster Co.*, 174 Ill. App. 256.

It is next urged that the lease is void as it was not made to appear that section 27 of the Public Utilities Act, Cahill's St. ch. 111a, ¶ 42, was complied with. However, the title is not involved in this proceeding but only the right of possession. Moreover, it is elementary that a tenant is estopped to deny his landlord's title.

It is next urged that plaintiff as lessee of the transit company has no reversionary interest and therefore cannot maintain the suit. *Markin v. Whitaker*, 26 Ind. App. 211, is cited to this point.

However, the lease considered in that case had expired by its own terms and the lessee therefore had no further interest which would entitle him to maintain the suit. That is not the case here.

The judgment is just and is affirmed

*Affirmed.*

O'Connor and McSurely, JJ., concur.