## THE VILLAGE OF RIVERSIDE

*v.*

## ALEXANDER WATSON. ·

*Filed at Ottawa October 11, 1895.*

1. APPEALS AND ERRORS—*what questions are involved in a suit is determined from the pleadings.* The questions involved in a suit in equity, as bearing upon the question of appellate jurisdiction, are to be ascertained from the bill, answer and replication.

2. SAME—*bill for injunction, and involving boundaries, may also involve a freehold.* A suit by a village to enjoin the building of a bridge, the abutments of which are to rest upon land which the village claims in its bill to own by dedication and prays may "be decreed public park and commons," in which suit the defendant answers claiming title to such lands and denying the dedication, is a suit involving a freehold, though questions of injunction and of boundaries be also involved.

*Village of Riverside* v. *Watson*, 54 Ill. App. 432, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

The bill in this case was filed in the Superior Court of Cook county by the village of Riverside, setting up that it is a municipal corporation, and that it is the owner in fee simple, for the public use, of all public parks, grounds, streets and commons in said village, and also of certain other lands described in the bill; that appellee proposes to construct a bridge across the Desplaines river, which bridge, if constructed, will be wholly upon the public park and ground belonging to appellant. The bill prays, in substance, as follows: "That title of your orator to said premises may be established; that said premises be declared and decreed public park and commons; that title to the same vest in your orator in trust, and that defendants, their agents and attorneys, be perpetually enjoined from erecting said bridge," and for general re-

lief and injunction.   The abutments and approaches of
the proposed bridge on the north side of the Desplaines
river are intended to rest upon a strip of ground alleged
to be twenty-five feet off the east side of block 14 of that
part known as "Second Division of Riverside," while on
the south side they are proposed to rest upon what is
known in a certain plat as Columbus boulevard.

The answer of appellee denies that appellant was ever
seized of any interest in block 14, but claims title to a
twenty-five foot strip, being part of block 14, on the
north side of the river, in himself, and sets forth that
while a plat was made by him of his lands on the south
side of the river, on which was located Columbus boule-
vard parallel with and extending to the river, said plat
was made merely for convenience, and that roads and
streets were made subservient to the rights of private
owners, and that they have not been dedicated to public
use, and that said plat was not approved by the village
of Riverside.

While, indirectly, part of the relief asked for in this
bill is for an injunction to restrain the construction of
this bridge, and indirectly, also, the question of the boun-
dary line of Columbus boulevard and the portion of block
14 aforesaid are involved, the main question presented
by the pleadings in this cause is as to whether title to
this property is in appellant or appellee.   The cause was
referred by the Superior Court to the master in chancery
to take proofs and report the same to the court, with his
conclusions.   The master reported that he found appellee
to be the owner of the easterly twenty-five feet of block
14, and that the equity of the cause was with the appel-
lee, and that the temporary injunction should be dis-
solved and the bill dismissed for want of equity.   The
Superior Court, upon a hearing, overruled all exceptions
to the master's report and dismissed the bill.   An appeal
was taken to the Appellate Court, and that court, on
motion, dismissed the appeal on the ground that a free-

hold was involved and that it had no jurisdiction of the cause. The case comes to this court solely upon the question as to whether or not it was error in the Appellate Court to refuse to entertain this appeal.

FRANK F. REED, for appellant:

It has been held again and again that a question of disputed boundaries does not involve a freehold. *Evens & Howard Co.* v. *St. Louis,* 48 Mo. App. 636; *Pinneo* v. *Knox,* 100 Ill. 471; *Bryan* v. *East St. Louis,* 105 id. 144; *Richards* v. *People ex rel.* 100 id. 423; *Sheets* v. *Sweeney,* 136 id. 342; *Railroad Co.* v. *Watson,* 105 id. 217; *Malaer* v. *Hudgens,* 130 id. 229; *Cheney* v. *Teese,* 113 id. 444; *Walker* v. *Pritchard,* 121 id. 221; *McIntyre* v. *Yates,* 100 id. 475; *Lucan* v. *Cadwallader,* 114 id. 286; *Zinc Co.* v. *LaSalle,* 117 id. 414; *Clement* v. *Reitz,* 103 id. 315; *Conkey* v. *Knight,* 104 id. 337; *Keating* v. *Hayden,* 132 id. 309; *Sawyer* v. *Moyer,* 105 id. 192; *Moore* v. *Williams,* 132 id. 598.

Title to the freehold on the writ of error was not directly in issue. *Walker* v. *Pritchard,* 121 Ill. 221; *Railroad Co.* v. *Watson,* 105 id. 217; *Cheney* v. *Teese,* 113 id. 444; *Sanford* v. *Kane,* 127 id. 591.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The questions involved in this proceeding are only to be ascertained from the bill, answer and replication, and an examination of these indicates, very clearly, that the true question at issue is as to the ownership of the lands abutting on each side of the Desplaines river on which it is proposed to construct this bridge. Adjudication must first determine that question before the injunction would be permitted to stand. If title to this property is in the village of Riverside as public grounds, then the relief should be granted. It is not for us, however, at this time to determine that question or pass any opinion upon the merits of this case. The pleadings show, very

clearly, that a freehold is involved and that the appeal should have been taken directly to this court. No briefs are filed by either appellant or appellee on the merits of the controversy. We have heretofore held that an appeal of this character only brings to this court such matters as might lawfully have been considered in the Appellate Court by virtue of an appeal to that court, and therefore only the question of jurisdiction can be considered here. If it be found that no freehold is involved, correct practice would require that the order of dismissal be reversed and the cause remanded to the Appellate Court, with instructions to find upon the issues of fact and render final judgment upon errors assigned. If a freehold is involved, the court is powerless to do more, on this appeal, than to affirm the order of the Appellate Court. *Oswald* v. *Wolf*, 126 Ill. 542.

Finding, as we do, that a freehold is here involved, and that the order of the Appellate Court dismissing the appeal to that court was properly entered, the judgment of the Appellate Court dismissing the appeal must be affirmed. Leave will be given appellant to withdraw the record filed herein, to be re-filed for writ of error from this court, if it so desires.          *Judgment affirmed.*