### Cleveland, C., C. & St. L. Ry. Co. v. Eleazer Munsell.

1. EASEMENTS—*A Private Easement Defined.*—A private easement is defined to be a privilege, service or convenience which one neighbor has of another, by prescription, grant or necessary implication, without profit.

2. SAME—*Farm-Crossings Under Railroad Tracks.*—A person who owns the land on both sides of a railroad track may acquire by prescription, a passage for both stock and wagons for a farm-crossing under the right of way of the railroad company as an easement or appurtenance to the ownership in fee of the adjoining lands.

3. APPEALS—*Where a Freehold is Involved.*—In an action where the existence of a passage for stock and wagons under the right of way of a railroad company is in controversy a freehold is involved and an appeal must be taken to the Supreme Court.

**Bill for an Injunction.**—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1900. Appeal dismissed. Opinion filed February 28, 1901.

A. E. DeMANGE, attorney for appellant; JOHN T. DYE, general solicitor, of counsel.

ROWELL, NEVILLE & LINDLEY, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity by appellee against appellant for an injunction to restrain the latter from obstructing an alleged way under the right of way of the railroad.

The bill, in substance and effect, charges that appellee is the owner of a farm of 400 acres, which the railroad of appellant diagonally intersects; that when such railroad was constructed a bridge was built across a low place on the farm in such manner as to furnish appellee with a farm-crossing under its right of way at the bridge, of which he has had possession more than twenty-six years, which way was later, September, 1887, by consent of the railroad, improved to make it a passage for both stock and wagons, and from that time until the present appellee has been in the adverse open possession of such crossing continuously, and is the owner of an easement under the track for a farm-crossing; that appellant, in the fall of 1896, entered upon the possession of the crossing and put props under the bridge and thereby blocked the same for wagons, and is now threatening to fill such crossing, and put a tile drain through the same, thereby making a solid embankment. Answer was filed to the bill denying this right to appellee, and setting up its absolute ownership of the right of way at the point in question. Upon the final hearing the court gave its decree, in accordance with the prayer of the bill, against appellant, to reverse which it prosecutes this appeal and assigns and argues the findings and decree of the court to effect such reversal.

The bill itself, as will be seen, claims the way under the right of way of appellant as an easement by prescription. Appellant's counsel, under point sixth in their brief, also meet the question that the facts presented do not create an ease-ment in appellee as claimed by him, thus directly presenting the question for our decision. A private easement is defined to be a privilege, service or convenience which one neigh-bor has of another, by prescription, grant or necessary implication without profit; as, a way over his lands; a gate-

way, water-course and the like. Otherwise defined as a right of accommodation on another's land; a right which one man has to use the land of another for a special purpose. Burrill, Law Dic., Vol. 1, 530. Appellee is the owner in fee of 400 acres of land, partly on each side of the railroad, and if he owns the easement under the right of way of appellant, it is an appurtenance to his ownership of the other lands, and is a servitude over appellant's right of way, and, so far as the nature of the tenure is concerned, is of the same character as that of the lands to which it is incident, and is simply appurtenant to the estate of complainant. These easements are strictly incorporeal hereditaments, though imposed upon corporeal property, and consist simply of a right which is, in its nature, intangible, and incapable of being subject to livery. These incorporeal and intangible rights in or growing out of land, have applied to them the same idea of duration or quantity of estate that is applied to corporeal hereditaments. They are not divisible from the estate to which they are appurtenant and pass by conveyance of the principal estate as appurtenances thereof. The duration of the estate, or the time for which the enjoyment is to continue, forms the quantity of the estate, and hence, if the grant be of an estate of inheritance either in hereditaments corporeal or incorporeal, a fee is taken; if for life of the grantee, only a life estate would be granted. The word fee is applicable to, and may be had in, any kind of hereditament, either corporeal or incorporeal. Of the former, however, the grantee is said to be seized in his demesne as of fee, and of the latter that he is seized as of the fee only, the reason of the distinction being that while the owner of the easement may own the same to himself and his heirs, as fully as he could the land, yet he has no dominion over the land itself, but only the right of subjecting it to the servitude granted. An estate of inheritance in real property, whether it be a corporeal or incorporeal hereditament, is a freehold estate. Hereditaments which are incorporeal, as well as hereditaments corporeal, are the objects of this doctrine, and admit of the application of this term. So long as

an estate of freehold subsists in the property, that estate will require the denomination of a freehold interest, without any regard to the subject of property in which the estate is subsisting. Oswald v. Wolf, 126 Ill. 542, and authorities cited. It follows from the principles of the authorities which have been cited, that the claim by appellee of an easement by prescription under the right of way of appellant is a mere incident or appurtenance to the ownership in fee of the lands on both sides of the railroad, and therefore is of the same nature of interest and estate, and is consequently a freehold. This court having no jurisdiction to decide a case in which a freehold is involved, being forbidden by law to do so, and being of the opinion a freehold is directly involved in the case presented, nothing remains for us to do but to dismiss the appeal and that is done accordingly, with leave to the parties to withdraw the record, abstracts and briefs, if they are inclined to do so. Appeal dismissed.