(No. 25425.—

THE MAGNOLIA PETROLEUM COMPANY *et al.* Appellants, *vs.* C. E. WEST *et al.* Appellees.

*Opinion filed October 11, 1940—Rehearing denied Dec. 4, 1940.*

STONE, J., dissenting.
SHAW, J., specially concurring.

HOUSE & HOUSE, and CRAIG & CRAIG, (WALLACE HAWKINS, of counsel,) for appellants.

BAKER, LESEMANN, KAGY & WAGNER, and PARKER & COX, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The Magnolia Petroleum Company, Oliver Francis and Louise Francis, his wife, hereinafter called plaintiffs, by their amended and supplemental complaint filed in the circuit court of Washington county, sought to quiet title in Oliver Francis to a twelve-foot strip of land, and to remove as a cloud the asserted interests of defendants H. A. Hamilton, as lessee, and C. E. West, Irven Hale, and their wives, and R. J. Evans, Jr., as assignees, under a lease from the remaining defendants, who are the heirs, and their spouses, of August Wiese. Upon motion of defendants, a decree was entered at the close of plaintiffs' evidence, dismissing the amended and supplemental complaint for want of equity. Plaintiffs have appealed directly to this court, a freehold being involved.

The facts appear in a stipulation of the parties and in the evidence, both oral and documentary, offered in behalf of plaintiffs. September 9, 1909, Bettie Francis, a widow, owned a tract of eighty acres in Washington county. Before defendants objected to his competency, under section 2 of the Evidence act, (Ill. Rev. Stat. 1939, chap. 51, sec. 2, p. 1636,) Oliver Francis, son of Bettie Francis, testified that August Wiese, owning twenty acres immediately to the east, had first rented, then, without a lease, used the Francis property as a means of access to a road running through it, and that after he had failed to obtain another outlet, Bettie Francis executed a deed, on the day named, covering the controverted strip along the north end of her tract between the road and his land, and reciting that she did "convey and warrant" to him "the following described real estate, to-wit: Beginning on the north line of the south half of the southwest quarter of section fifteen (15) township three (3) south and range three (3) west of the 3rd P. M., at a point where the Oakdale road intersects the Nashville and Pinckneyville road as now located thence east on the quarter sec.

line to the northeast corner of said south half of the southwest quarter th. south twelve (12) feet, th. west to the Nashville and Pinckneyville road to be used for road purpose." It is to be noted that this description does not close. Barney Liszewski, a neighbor of Oliver Francis, testified as had the latter, whose testimony on these facts was held inadmissible as to the heirs, that this strip was in part covered with timber and brush, but that Wiese, until his death intestate, December 29, 1925, and his heirs thereafter, "would go along" its clear portions and the adjoining parts of the eighty acres, and that the strip had never been cultivated.

July 27, 1922, Bettie Francis conveyed the entire eighty acres, not excluding this strip, to Oliver Francis, who, July 31, 1936, included the tract with other parcels in an oil and gas lease to P. E. Haralson. Subsequently, the latter assigned the lease to the Magnolia Petroleum Company, and eight wells, which defendants assert are not on the disputed strip, had been completed at the time of the trial. The heirs of Wiese, February 15, 1938, executed a lease of other lands in section 15 to T. R. May, which recited that all lands of the grantors in the section were covered. January 26, 1939, the heirs executed an oil and gas lease of the strip to H. A. Hamilton, who shortly thereafter obtained, as an express aid in drilling oil under this lease, another lease of the adjoining land from Francis, and on February 14 and April 4, 1939, assigned various interests in the first lease. Hamilton, according to the testimony of Francis, stated that, although he expected the Magnolia Petroleum Company might stop him, he intended to attempt drilling, and defendants, in their answer, asserted that one well was in production. An oil and gas lease of the strip, from Francis to Howard L. Martin, dated March 24, 1939, is not in controversy. Tax records in evidence show payment by Oliver Francis of all taxes assessed against the entire eighty acres from 1922 to 1937.

Inventories filed in the estates of August Wiese, Jr., and Henry Wiese, deceased, and Carl Wiese, a minor, heirs of August Wiese, mentioned no interest in any part of section 15. A supplemental inventory filed in the estate of Henry Wiese, April 7, 1939, three days after Hamilton's last assignment of his lease interests, and three years after the original inventory had been filed, listed an interest in the disputed strip as a "roadway."

The single issue requiring consideration, in order to determine ownership of the fee in the controverted strip, and, consequently, the right to the underlying minerals, is whether the words "to be used for road purpose" in the deed from Bettie Francis to August Wiese are to be construed as part of the description in a grant of an easement, as contended by plaintiffs, or are merely descriptive of the anticipated use, and not a condition or limitation, in a conveyance of a fee simple title, as defendants maintain.

The primary purpose of the construction of a deed is to ascertain the intention of the parties, to be gathered from the instrument as a whole, giving effect to every word and rejecting none as meaningless or repugnant, if this can be done without violating a positive rule of law. (*Woods* v. *Seymour,* 350 Ill. 493; *Lehndorf* v. *Cope,* 122 id. 317.) The words need not be construed literally or strictly, since greater regard is accorded to the real intention as manifested in the entire deed than to any particular word or arrangement in its expression. (*Kearney* v. *Kirkland,* 279 Ill. 516; *McCoy* v. *Fahrney,* 182 id. 60.) In order to understand the language in the sense intended by the parties, the court will consider the facts they had in mind, including their situation, the state of the property, and the objects to be attained. (*Goodwillie Co.* v. *Commonwealth Electric Co.* 241 Ill. 42; *Waller* v. *Hildebrecht,* 295 id. 116.) The case last cited lays down the general rule as follows: "Generally speaking, where a particular or special right or easement in land is conveyed, which may

well co-exist and be enjoyed and used by the grantee consistently with the ownership of the fee in the grantor, the fee does not pass because it is not essential to the right or interest which is described in the deed." The construction thus determined to have been intended by the parties will be effectuated by the court, if it is consistent with the language used. (*Miller* v. *Mowers,* 227 Ill. 392.) Moreover, when there is ambiguity, a reasonable interpretation by the parties, to be found in their contemporaneous or subsequent acts and declarations, will generally be adopted. *Williams* v. *Swango,* 365 Ill. 549; *Goodwillie Co.* v. *Commonwealth Electric Co. supra; Walker* v. *Illinois Central Railroad Co.* 215 Ill. 610.

The deed in question is in the form prescribed by section 9 of the Conveyances act, (Ill. Rev. Stat. 1939, chap. 30, par. 8, p. 796,) containing no words which at common law would convey an estate of inheritance. Section 13 of the act provides that a deed in this form will be deemed to have conveyed a fee simple estate of inheritance if a less estate is not limited by express words, or does not appear to have been granted by construction or operation of law. The manifest meaning of the latter section is, that when words of inheritance are not used, every word, no matter where situated in the deed, is to be given weight in determining the estate granted. (*Woods* v. *Seymour, supra; Bear* v. *Millikin Trust Co.* 336 Ill. 366.) Whether a fee, if clearly granted, is subject to forfeiture by reason of language subsequently restricting its use, is recognized in the application of this section as a question distinct from the issue, here presented, whether an estate less than a fee is essentially described in the words of limitation. (*Branch* v. *Central Trust Co.* 320 Ill. 432; *Harder* v. *Matthews,* 309 id. 548; *Bauman* v. *Stoller,* 235 id. 480.) The doctrine applied in the former instance, that words following the grant, apparently reducing the estate conveyed, will be disregarded as repugnant to the words of conveyance, (*King* v. *Lee,* 282

Ill. 530; *Bald* v. *Nuernberger,* 267 id. 616; *Downen* v. *Rayburn,* 214 id. 342;) has no application to the latter instance, where the granting clause specifies no estate, and the words of limitation may be construed as declaratory of the intention, so that the deed, taken as a whole, conveys the lesser estate. *Bauman* v. *Stoller, supra; Cover* v. *James,* 217 Ill. 309.

In *Waller* v. *Hildebrecht, supra,* the deed presented for construction conveyed part of one lot and a ten-foot strip of an adjoining lot "to be used as alley, only, in common by both parties hereto." This court held that the quoted language disclosed an intention to give no more than a right-of-way, and that only an easement across the second lot was granted. *Weihe* v. *Lorenz,* 254 Ill. 195, strongly urged by defendants, held that the fee was conveyed and, without discussing surrounding circumstances or the intention of the parties, but solely upon the authority of *Downen* v. *Rayburn, supra,* and *Supervisors of Warren County* v. *Patterson,* 56 Ill. 111, that the words "for alley purposes" did not limit the estate granted. Each of the latter cases was predicated upon a conveyance of the fee, holding that it could not be restricted by subsequent language descriptive of its use. Obviously, *Weihe* v. *Lorenz, supra,* is not decisive here. *Rockford Trust Co.* v. *Moon,* 370 Ill. 250, also relied on by defendants, involved no question of easement, but the construction of language standing alone at the end of a deed, and not disclosing any intention as to use, as not constituting a condition on a clearly granted fee.

*Carter Oil Co.* v. *Myers,* 105 Fed. (2d) 259, is analogous to the case at bar. An instrument executed December 29, 1932, captioned "Dedication of Right of Way for Public Road Purposes," recited that the grantors "hereby grant, convey and dedicate" to the grantee "for the purpose of a public highway," a described tract of land. Holding that the instrument was a dedication to the grantee for public road purposes, the Circuit Court of Appeals for the

Seventh Circuit pertinently observed: "Appellants earnestly contend that the designation of the instrument, 'Dedication of right of way for public road purposes,' as well as the recitation in the body of it of the purpose for which the land was purchased, were both merely surplusage and not necessary to a valid conveyance, hence they do not add to or take from the legal effect of such conveyance as a deed conveying the title in fee. By such construction of the instrument they seek to give the maximum effect to the words 'grant and convey,' and to completely ignore the other terminology of the instrument which to us appears to be definitive of its real intent. The words 'grant and convey' are not incompatible with the conveyance of a lesser interest than the fee, and where it appears from other language of an instrument that something other than a conveyance in fee was contemplated, effect must be given to such other language." The observations made are singularly applicable to the controverted deed in the present case.

The motion of defendants to dismiss the amended and supplemental complaint, made at the close of plaintiffs' evidence, submitted the cause to the chancellor for a decision on the merits, and the issue under consideration is to be determined upon the evidence adduced. (*People* v. *Scanlan,* 294 Ill. 64; *Thorworth* v. *Scheets,* 269 id. 573; *Koebel* v. *Doyle,* 256 id. 610.) The words of limitation in the deed from Bettie Francis to August Wiese, as applied to the conveyance of a narrow strip running along the edge of the grantor's property from the road to the land of the grantee, discloses an intention to grant merely a right of way, and the words "convey and warrant" are as compatible with this intention as with the conveyance of a fee. The language of limitation, "to be used for road purpose," is ambiguous. Surrounding circumstances and the objects of the parties fortify the construction that an easement was intended. The location of the Wiese property, having no connection with the road, the use of the Francis tract as a

means of access, and the position of the strip, not adjoining the grantee's other tract, so that it might be utilized as more than a roadway, all compel this conclusion. Moreover, Wiese and his heirs have interpreted the deed in accordance with this evident intention. They did not cultivate, but used the strip only as a road. In various inventories and the lease to T. R. May, purporting to cover all of their interests in section 15, they asserted no title to the strip, and in an amended inventory, filed after the execution of the Hamilton lease, claimed an interest in it only as a roadway. The language of the deed, the attendant circumstances and the objects in view, as well as the interpretation of the parties clearly disclose an intention to grant no more than an easement.

The decree of the circuit court of Washington county is reversed and the cause is remanded, with directions to enter a decree in accordance with this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE STONE, dissenting.

Mr. JUSTICE SHAW, specially concurring: I agree with the conclusion reached but not with all the reasoning of this opinion.