(No. 26518.— )

G. L. TALLMAN et al. Appellants, vs. EASTERN ILLINOIS AND PEORIA RAILROAD COMPANY, Appellee.

*Opinion filed March 17, 1942—Rehearing denied May 13, 1942.*

442

Shaw, J., dissenting.

Walter Davison, (L. G. Owen, of counsel,) for appellants.

Paul J. Wimsey, Robert G. Burnside, and Acton, Acton, Baldwin & Bookwalter, (W. M. Acton, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

This action was instituted by appellants, G. L. Tallman, L. R. Tallman and the Carter Oil Company against Eastern Illinois and Peoria Railroad Company, appellee, to quiet title to oil and gas underlying a strip of land in Fayette county. The circuit court held that appellee was the owner in fee simple of the land in controversy and appeal is brought directly to this court because a freehold is involved. The case was tried upon a stipulation of fact and involves the construction of the following deed:

"RIGHT OF WAY DEED.

THIS INDENTURE WITNESSETH, That D. E. Withers, and his wife, Nancy A. Withers, of the County of Imperial, in the State of California, owner of the parcels of land herein below described in consideration of the benefits accruing to them by reason of construction and operation of a railroad upon said land, and the sum of Eight Hundred & no/100 Dollars, in hand paid, the receipt whereof is hereby acknowledged, does hereby convey and warrant to Eastern Illinois and Peoria Railroad Company, a corporation, organized and existing under the laws of the State of Illinois, as and for its right of way, a strip of land One Hundred (100) feet wide, being Fifty (50) feet wide on each side, of a line that has been surveyed and located across and upon the following described real estate, to-wit: Over and across the South West quarter of the South West quarter of the North West quarter Section Seventeen (17); Also the South East quarter of the North East quarter and the West half of the North East quarter of Section Eighteen (18) all in Township Seven (7) North, Range (3) East of the 3rd. P.M. Containing in all Eight and Sixteen (8.16) hundredths acres, more or less.

Also if ground is taken before present corn on Right of Way, matures Company shall pay for corn so taken in proportion to balance of corn in field. Situated in the County of Fayette, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State. $612.00 of the above consideration is for land taken and $188.00 is for removal of buildings and Twenty-five (25) apple trees.

This deed is given to correct error in description of former deed, dated August 5th, 1912. Recorded in Book No. 198 of deeds, page 398.

WITNESS our hands and seals this 24th day of October, A. D. 1912.

D. E. WITHERS (SEAL).
NANCY A. WITHERS (SEAL)."

The stipulation also agrees that appellants had acquired the rights of the grantors and that the only question in the case is one of construction as to whether or not such deed conveyed a mere easement or right of way, or a fee simple title to the land as therein described.

Thus the question is one of construction. Hereafter in referring to the estate, as claimed by appellants, we will for convenience designate it as an easement, and as to the estate claimed by appellee as fee simple in land. The deed

involved is in statutory form, concerning which a number of well-established rules of construction have been laid down by this court. The cardinal and all-important one is to ascertain the intention of the parties, and such deed should be so construed as to carry out the intention as gathered from the entire instrument, and the purpose, if legal, should be carried into effect so as not to defeat the manifest intention; (*Magnolia Petroleum Co.* v. *West,* 374 Ill. 516; *Woods* v. *Seymour,* 350 id. 493;) and every word and clause within the instrument should be considered, and if possible given effect. *Lehndorf* v. *Cope,* 122 Ill. 317; *Woods* v. *Seymour, supra.*

From the foregoing it necessarily follows that if language contained in an instrument has a well known meaning and significance in law, it will be presumed such meaning was in the minds of the parties using it, unless a contrary intent is made manifest by other language in the deed. These rules have been applied to deeds in the statutory form because of the requirements of sections 9 and 13 of the Conveyances act. (Ill. Rev. Stat. 1941, chap. 30, pars. 8 and 12.) Section 9 provides in substance that a deed in the statutory form using the words "conveys and warrants" without words of inheritance, shall be deemed a conveyance in fee simple, with covenants of seisin, against encumbrance, and of warranty. Section 13 provides that every *estate* in lands so conveyed (without words of inheritance) shall be deemed a fee simple estate of inheritance if a less estate be not limited by express words or *do not appear to have been granted, conveyed or devised, by construction or operation of law.* The rules of construction pointed out apply to such deed, and not to deeds where words of inheritance are used, as the latter will be construed in accordance with the common law. *Bear* v. *Millikin Trust Co.* 336 Ill. 366.

The application of this statute is the point around which the principal argument of both parties revolves. The claim

of appellee is that the deed in question granted and conveyed certain *described* land, and that the words "as and for its right of way" did not amount to a limitation by express words, but should be entirely disregarded as a mere declaration of purpose or object having no legal effect. On the other hand, appellants contend a fee simple estate in the described land was not conveyed because the language of the deed as a whole brings it within the exception contained in section 13, "if a less estate * * * do not appear to have been granted, conveyed or devised by construction or operation of law," and thereby conveys an easement of right of way and no more. This leads us to determine what is meant by "estate."

An estate in land means the property one has in lands, tenements or hereditaments; (Whitehead on Real Estate, sec. 10;) it signifies the conditions or circumstances in which the tenant stands as to his property. (Bouvier's Law Dict.; 2 Blackstone, 103; 1 Preston on Estates, 20; *Ball v. Chadwick*, 46 Ill. 28.) An estate of inheritance in real estate, whether it be corporeal or incorporeal, is a freehold estate. (*Oswald v. Wolf*, 126 Ill. 542; 1 Preston, 214.) Incorporeal or intangible rights in or growing out of land have applied to them the same idea of duration or quantity that is applied to corporeal hereditaments. (*Oswald v. Wolf, supra.*) The grant of a right of way is an easement, and if in fee the grantee takes an "estate" in fee in such right of way as an incorporeal hereditament. (*Wiggins Ferry Co. v. Ohio and Mississippi Railway Co.* 94 Ill. 83; *Oswald v. Wolf, supra; Texas Co. v. O'Meara*, 377 Ill. 144.) Under the law of Illinois there may be created an estate in fee simple in the easement as well as in all of the land to which an easement may attach.

The deed in this case contained the words "convey and warrant" and was in statutory form, and, unless limited in some way, granted a fee simple estate in the subject matter described. The statute, in providing a deed in such form

shall be deemed to convey a fee simple estate, is subject to two exceptions: (a) if a less estate be not limited by express words; (b) (if a less estate) "do not appear to have been granted * * * by construction or operation of law." The deed under consideration contains words describing a subject matter which if used separately could each describe a different estate, one of which would be an easement, and the other the fee simple of land contained in the description. In short, if the words "a strip of land" were absent from the conveyance an easement in fee would pass to the grantee without question; whereas, on the other hand, if all reference to right of way were eliminated a fee simple in the land would result under the authority of *Spierling* v. *Ohl*, 232 Ill. 581. Under such circumstances to assume as a matter of law the deed in question grants land, and that all references to "right of way" are mere declarations of purpose, completely disregards language which constitutes an equally valid grant of a less estate, *viz.*,—an easement, if the land described is considered as that upon which the easement may be enjoyed and used. It would assume the result by assuming the major premise. We cannot make such an assumption until we have ascertained what "estate" in lands the parties intended to convey, giving due regard to the applicable rules of construction. To do this we must ascertain whether words are used in the deed bringing it within the statute "if a less estate * * * do not appear to have been granted * * * by construction or operation of law."

Upon examination of the deed involved the repeated use of the words "right of way" attracts attention. First, the parties convey and warrant "as and for its right of way;" and following the description of the land there is a provision concerning unmatured crops "on the right of way." A right of way has been designated as an easement. (*Cook County* v. *Chicago, Burlington and Quincy Railroad Co.* 35 Ill. 460; *Kuecken* v. *Voltz*, 110 id. 264; *Oswald* v. *Wolf, supra.*) The words "right of way" denote a tenure

by which land is held; they are descriptive of the easement right, and not the land to which it is affixed. *San Pedro, etc. Railway Co.* v. *Pillsbury,* 123 Cal. App. 675, 139 Pac. 669; *Atlantic B. and A. Railway* v. *Coffee Co.* 152 Ga. 432, 110 S.E. 214; Elliott on Railroads, vol. 1, sec. 6; Thompson on Real Estate, vol. 2, sec. 461, Per. Ed.

A grant "as and for its right of way, a strip of land 100 feet wide" may not be construed as a conveyance of a strip of land 100 feet wide without eliminating the ordinary meaning of certain language. The word "as" means "in the character, capacity, or condition of," (Webster's Internat'l Dict.) which meaning, if here applied, would indicate that the subject matter of the grant was the use of described land rather than the land itself. So also words descriptive of a use follow the words of grant in that whatever is granted is "over and across" a tract of land. This term in substance is used twice—first, as to locating the description over and along the line of the survey; but the second time it appears following a colon preceding the land description. A colon so used indicates something that relates back to the subject matter of the sentence, (Webster's Internat'l Dict.) and thus used indicates that a right of way is over and along a line "over and across" certain land. In this sense also the words might be said to limit the conveyance to surface rights and no more.

Reading the instrument as a whole, we are convinced the use of the term "right of way" was in the sense of describing the subject-matter granted, unless the words of grant contained in the deed, "convey and warrant," require us to hold that reference to a right of way is merely descriptive of a purpose or object that would not qualify the conveyance of a fee simple.

Of the cases cited by appellee, *Board of Supervisors* v. *Patterson,* 56 Ill. 111; *Downen* v. *Rayburn,* 214 id. 342, and *Weihe* v. *Lorenz,* 254 id. 195, are relied upon as holding that the references in the deed to a right of way do not limit a fee simple interest in the land because they are

merely descriptive of the purpose or use. The *Patterson case,* after the word "grant" contains a recital that the lot was conveyed for the purpose of building thereon a court house. The *Downen case* in like manner provided that the land should be used for a church location. In neither case was a right of re-entry for conditions broken reserved. The purposes set out did not describe "an estate," nor was there anything in the deeds to make the words effective as a condition. *Tinker* v. *Forbes,* 136 Ill. 221, is also cited as sustaining this position. In that case the deed contained a provision that land was to be used as a location for a water wheel, which was held descriptive of a purpose not limiting the fee, but the same deed also contained another clause, *viz.*—"no building is to be erected" as to create a fire hazard, which, notwithstanding the words of general grant, were given effect as an easement and enforcible by an adjoining property owner. In the Forbes deed we perceive that words creating an easement were given effect, and general purpose words given no effect.

In *Walker* v. *Illinois Central Railroad Co.* 215 Ill. 610, the deed recited: "grant, bargain, sell * * * for the purpose of constructing, maintaining and operating thereon a single or double track railroad, * * * the right of way for the same over and through the following tracts [description] together with all the tenements, hereditaments, profits, rights, privileges, and appurtenances thereunto pertaining; to have and to hold the same unto the said Illinois Central Railroad Company, their successors and assigns forever." There was a provision for reverter in case of non-user. This deed was held to convey the use of a right of way and not a fee simple title to the land described. The main question involved in the case was whether the strip of land could be used to accommodate many tracks or limited to the sole purpose of laying therein a single or double track railroad recited in the deed. The *Patterson* and *Downen cases* were cited in the opinion for the pur-

pose of showing the use could not be limited to two railroad tracks by such descriptive words. In other words the estate granted, *viz.*, the easement, could not be thus limited.

*Noyes* v. *St. Louis A. & T. H. R. Co.* 21 N.E. 487, is not to be found in the official reports of Illinois for the reason that at the following term a rehearing was granted, and the case disposed of without a judgment of the Supreme Court. Obviously it cannot be accepted as a precedent, or, under the circumstances, as expressing the final views of the writer of the opinion. In *Magnolia Petroleum Co.* v. *West*, 374 Ill. 516, we pointed out *Weihe* v. *Lorenz*, *supra*, is not decisive in construing a deed involving a right of way. In that case plaintiff in ejectment was found by the opinion to have no title to the land involved, which disposed of the case. The comment in the opinion to the effect that the use of the words "for alley purposes" did not limit the grant was made with respect to a deed of an adjoining owner, not in issue, and was wholly unnecessary to the opinion. The cases claimed to support such language were cited without comment or analysis of other cases upon the subject. We think this language in the *Weihe case* was inadvertent and not necessary, and therefore not a considered statement of principle. *Harder* v. *Matthews*, 309 Ill. 548, page 561.

From the applicable cases cited by appellee one outstanding fact appears, *viz.*,—in each case where an easement was involved the fee was deemed to be thereby limited, and in the cases where the court found a fee interest in the land was conveyed no words appeared in the deed which either described an easement or another estate of any kind which could limit the grant. This distinction will become more apparent when other cases directly involving rights of way are considered.

In *Oswald* v. *Wolf*, *supra*, the deed conveyed "the right of way over a strip of land fourteen feet in width." In *Illinois Central Railroad Co.* v. *Houghton*, 126 Ill. 233,

the deed conveyed for railroad purposes "the right of way over and through said tract * * * of the width of 100 feet * * * to have and to hold * * * in fee simple." In *Truax* v. *Gregory*, 196 Ill. 83, a devise by will gave a daughter two tracts of land "with the right of way [describing] to be hers absolutely at and after my death." In *Waller* v. *Hildebrecht*, 295 Ill. 116, a warranty deed conveyed "the south ten feet of [describing] to be used by the adjoining owners as a part of the alley." In *Magnolia Petroleum Co.* v. *West, supra,* the grantor warranted and conveyed "the following described real estate [describing] to be used for road purpose." In *Texas Co.* v. *O'Meara, supra,* the conveyance was for the "right of way 100 feet in width * * * for so much of said drainage ditch as may pass through the following described land." In each of these cases it was held an easement only was created, and that the title to the land described did not pass by the use of the words "warrant and convey" used in the deed.

In all of these cases words indicative of a use in the nature of an easement were given effect, though claims were made in *Magnolia Petroleum Co.* v. *West, supra,* that the descriptive words should be disregarded as in the *Patterson* and *Downen cases.* It is to be observed also that in all of these cases the words which were given effect, while perhaps descriptive of a use or purpose, likewise taken by themselves either described an estate or an interest in land less than the entire fee, or limited the estate by the use described or by the language employed. When the result of each case cited from Illinois is examined we think, in every instance except *Weihe* v. *Lorenz, supra,* we have given effect to words describing an easement or right of way, where otherwise if the words were disregarded a fee simple estate would have passed.

Other cases not directly involving the construction of conveyances have reached a like conclusion. In *Joseph* v. *Evans,* 338 Ill. 11, where a controversy arose as to the character of a deed contracted to be executed and delivered

to a railroad, which had taken possession, and centered around whether a right of way or a fee was to be granted, the court there referred to this disagreement as going to the *quantum* of the estate to be conveyed, but in deciding that title could not be quieted in the railroad company, or its grantees, said: "The law in this State is well settled that the grant of a right of way to a railroad company does not convey a fee in the land, but conveys an easement, only." In *Branch* v. *Central Trust Co.* 320 Ill. 432, the grantor conveyed "a railroad right of way and depot grounds over and upon [a certain lot] * * * to have and to hold * * * so long as the same shall be used for a railroad right of way and depot grounds." A deed was made by the successors of the railroad company purporting to pass the fee, and the dispute was between such grantees and the heirs of the original grantor. The grantees claimed that the land conveyed to the railroad company created an estate upon conditions subsequent, and as no forfeiture or re-entry had been declared or made, the rights of the original grantor had thereby been lost. Most of the railroad right of way cases cited above are reviewed and the general principle stated thus: "These cases make it clear that in this State a grant of a right of way to a railroad company does not convey a fee in the land but conveys an easement only; and the same view has been expressed by the courts of other jurisdictions. [Citations.]" *Abercrombie* v. *Simmons, 71* Kan. 538, is among those cited with approval, where a deed of general warranty conveyed to a railroad company "all of the land in the southwest quarter, [etc.] lying within 50 feet of the center line of the main track of said railroad" without any reference to the purpose of the conveyance or the use of the land. The Supreme Court of Kansas held an easement and not a fee was conveyed.

The principle to be derived from the prior decisions of this court on this question is that words indicating that a right of way or easement is granted will limit the effect

of words of general warranty, either by being construed as a limitation by express words, or a lesser estate granted or conveyed by construction or operation of law. In the present case to hold a fee simple of all interest is granted would be to give no effect whatever to the words "right of way," but to hold the conveyance is an easement is compatible with the language of the deed, since the fee simple would be in the easement and not in the land to which it is appurtenant.

In the *Waller case, supra,* it is said: "Generally speaking, where a particular or special right or easement in land is conveyed, which may well co-exist and be enjoyed and used by the grantee consistently with the ownership of the fee in the grantor, the fee does not pass because it is not essential to the right or interest which is described in the deed." This quotation is approved in *Magnolia* v. *West, supra.*

Our attention is called to decisions of the United States Courts in the Seventh and Eighth Circuits, construing the Illinois law as applied to deeds containing substantially the same provisions, wherein different conclusions have been reached in the two circuits. We recognize the great respect to which the opinions of these courts are entitled, but deem it unnecessary to comment upon the analysis of the law therein expressed further than to say all of the cases cited were announced prior to the case of *Magnolia* v. *West, supra,* wherein we pointed out the application of the Conveyance act to deeds of this character, and the limited effect of the *Downen* and like cases. It is well settled that sections 9 and 13 of the Conveyance act must be construed together. *Buck* v. *Garber,* 261 Ill. 378; *Noe* v. *Moseley,* 377 id. 152.

In *Magnolia* v. *West, supra,* we said: "Whether a fee, if clearly granted, is subject to forfeiture by reason of language subsequently restricting its use, is recognized in the application of this section as a question distinct from the issue, here presented, whether an estate less than a fee

is essentially described in the words of limitation." The principle is also clearly stated in *Bauman* v. *Stoller*, 235 Ill. 480, as follows: "The words of grant, 'convey and warrant,' convey the fee unless they are limited to a lesser estate by words found in the granting clause or in the *habendum* of the deed, if it contain an *habendum*. They may be used, however, in conveying a life estate or an estate for years, and words limiting the estate conveyed to an estate of the character of either of the two last mentioned are not inconsistent with such words of grant; and where there is language, either in the granting clause or in the *habendum* of the deed, limiting the estate conveyed by such granting words to one less in extent than a fee, such words of limitation will be given effect."

The rule that a fee simple is deemed to have been conveyed applies when the "estate" to be conveyed is ascertained. The "estate" is not ascertained by the use of the words "convey and warrant" alone. The entire deed must be examined to ascertain what "estate" the parties intended to convey. We therefore examine all of the words of the granting clause, *viz.*,—"convey and warrant * * * as and for its right of way a strip of land 100 feet wide * * * over and across" the described land, and ascertain the "estate" intended to be conveyed, that is, whether a *use* of the land, or *all* of the land, and when that intention is found, in accordance with the rules of construction referred to above, we apply the statute to any other language which may affect the estate described in the granting clause. When we do this, general purpose words which do not describe a tenure or estate will not cut down the estate, but words which do describe a tenure or estate may not be disregarded as merely descriptive of a purpose, but must be examined in the light of the entire instrument, and, if descriptive of the thing granted, must be given effect.

Applying the above principles, we are of the opinion the description of the estate contained in the granting clause is that of a right of way easement, and not a fee simple

interest in the land within the described boundaries. Such construction gives effect to all of the words in the deed. Any other construction would require us to disregard words necessary to determine the estate granted.

The decree of the circuit court of Fayette county in finding for the defendant and dismissing the complaint for want of equity is reversed, and said cause remanded with directions to grant the relief prayed for in the complaint.

*Reversed and remanded.*

Mr. JUSTICE SHAW, dissenting.