(No. 33235.—)

GERTRUDE FOBAR, Appellant, *vs.* GRACE HIGGINSON *et al.,* Appellees.

*Opinion filed November 18, 1954.*

PYLE & McCALLISTER, of Carmi, for appellants.

KERN & PEARCE, of Carmi, for appellees.

Per CURIAM: The appellant, Gertrude Fobar, filed a complaint in the circuit court of White County, seeking a mandatory injunction against the appellees, and asking that they be required to clean out and restore a line of tile extending across the land of the appellees as well as across the land of the appellant. It was alleged that the system of tile constituted a mutual system of drainage for the lands of both appellant and the appellees. Appellees denied that appellant was entitled to any relief under her complaint.

The cause was heard by the chancellor and a decree entered dismissing the complaint for want of equity, chiefly on the ground that there was not sufficient evidence to establish that a mutual system of drainage was ever made and entered into. The complaint is premised upon the Mutual Drainage Act of 1889. Ill. Rev. Stat. 1953, chap. 42, pars. 193 to 196, incl.

Seeking a reversal, appellant raises two questions: First, does the drainage system involved come under the provisions of the Mutual Drainage Act, and, second, if this contention be resolved affirmatively, then how should the expense of restoring and maintaining the system be borne.

. The existence of an easement for drainage purposes is not in controversy. The decree of the circuit court found that the appellees, prior to and at the trial, agreed and consented that the appellant was the owner of the tile in question and entitled to enter in and upon the lands of the

appellees for the purpose of repairing and maintaining the tile. The decree further found that the father of the appellant had during his ownership of appellant's land, entered upon the land of the appellees for the purpose of doing repair and maintenance work on the tile in question. Appellees by their pleading and at the trial conceded that appellant has the right to enter upon their premises for the purpose of repairing, restoring or maintaining the tile in question, but that it is the duty of appellant to maintain it.

The precise issue presented for decision upon appeal is whether there is a mutual easement under the Mutual Drainage Act, thereby rendering appellees liable for payment of a part of the cost of maintaining the easement. This question goes only to the extent of the easement. Under some circumstances, this question might involve a freehold. Here, however, the parties are concerned only with the allocation of the expense incident to restoration and maintenance of the drainage system.

This appeal does not present, as did the cases relied upon by appellants, the question of a determination of the existence or nonexistence of a perpetual easement in the land under consideration, a question necessarily involving a freehold. (*Adams* v. *Abel,* 290 Ill. 496; *Wessels* v. *Colebank,* 174 Ill. 618; *Tinker* v. *Forbes,* 136 Ill. 221; *Oswald* v. *Wolf,* 126 Ill. 542.) The only real issue made by the pleadings, decided by the trial court and argued upon this appeal is the amount of expense to be borne by the respective parties. This question does not involve a freehold, within the contemplation of section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1953, chap. 110, par. 199.) A freehold is not involved so as to confer jurisdiction upon direct appeal unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of this issue. (*Elmore Real Estate Improvement Co.* v.

*Olson,* 392 Ill. 46.) For a direct appeal to be entertained upon the ground that a freehold is involved, the freehold must be directly, and not collaterally, contingently or incidentally, involved. (*Cohen* v. *Oguss,* 384 Ill. 353.) Here, the first question presented by the appeal is the construction of the Mutual Drainage Act, a question not involving a freehold; the second question relates merely to who shall pay for the restoration and maintenance of the system— not the physical extent of the easement. The question of title, if any, is only incidentally or collaterally involved. Granting the relief sought would not result in either appellant or appellees gaining or losing a freehold. On the other hand, an affirmance of the decree would not result in either appellant or appellees gaining a freehold.

The cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*